In the margin: 1832. In the matter of Lytle.

---

## In the matter of LYTLE, a lunatic.

Where the wife of a lunatic petitioned for the removal of the committee, upon the ground of fraud and mismanagement in the execution of his trust, and upon the hearing it appeared that the committee had faithfully discharged his duty, and no probable cause for the application was shown, the wife was denied costs out of the estate; but the costs of the committee were allowed.

The committee of a lunatic, who has voluntarily accepted the appointment, cannot be discharged without shewing some valid excuse for resigning the trust; and the fact that his situation is rendered unpleasant, in consequence of controversies existing between different members of the lunatic's family, is not sufficient for that purpose.

THE wife of Lytle, the lunatic, petitioned for the removal of the trustee; charging fraud and mismanagement in the execution of the trust. But upon the hearing of the parties, the chancellor was satisfied the conduct of the committee had been discreet and proper; that he had faithfully discharged his duty; and that the only cause of dissatisfaction arose from the personal controversies between different members of the lunatic's family, none of whom, except the petitioner, had any legal claim to a support out of the estate. The counsel for the wife asked for the costs of the application to be paid out of the estate. And the committee, finding his situation unpleas-

In the margin: April 18.

ant on account of these family difficulties, asked to be discharged from his trust.

*R. Weston,* for the petitioner.

*S. Stevens,* for the committee.

The CHANCELLOR, said the wife of the lunatic had an interest in the estate, for her support and maintenance ; and that if she had shown even probable cause for the application, the court would have allowed her costs, to be paid out of the estate ; as she had no property independent of that of her husband. But that in this case there was no foundation for charging the committee with a breach of trust ; and that if the solicitor for the petitioner had applied to the committee for an explanation, instead of relying solely upon the representations of the wife and her son-in-law, he must have been satisfied that the application to this court to remove the committee could not be sustained. That no costs therefore could be allowed out of the estate, except the costs of the committee in opposing the petition.

The application of the committee to be discharged from his trust was also refused. The chancellor said it was not a matter of course to discharge a trustee merely because the execution of the trust had become unpleasant. He must show some valid excuse for declining the trust. That the reasons here offered would equally apply to any new committee who might be appointed, and who should faithfully discharge the duties imposed upon him in this case. That having voluntarily accepted this trust, the committee could not be discharged, under existing circumstances.